IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEXIS PREGENT, JENNIFER MASSAT, MEGAN KUCHENBECKER and JESSICA CLARK, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| XPO LOGISTICS, INC., a Foreign Corporation, | ) ) |
| Defendant. | |

**COMPLAINT**

NOW COME the Plaintiffs, ALEXIS PREGENT, JENNIFER MASSAT, MEGAN KUCHENBECKER and JESSICA CLARK, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs") by and through their attorneys, THE LAW OFFICE OF TERRENCE BUEHLER and DITOMMASO-LUBIN P.C., and, complaining of the Defendant, XPO LOGISTICS, INC., (hereinafter referred to as "XPO" or the "Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs bring this action for unpaid compensation, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief. This action is brought under the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS §115 *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The IWPCA claim is brought as a Class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23"). (The "Illinois Class") The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 201 *et seq*. (The "FLSA Class")

2. The Court has original jurisdiction under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claim.

4. Venue is appropriate under 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Alexis Pregent ("Pregent") is a citizen of the State of Illinois. Pregent was employed as a "Customer Service Rep" by Defendant XPO in its Lake Forest Illinois office from December 2012 until June, 2015.

6. Plaintiff Jessica Clark ("Clark") is a citizen of the State of Illinois. Clark has been employed as a "Customer Service Rep" by Defendant XPO in its Lake Forest Illinois office from December 2011 until August 7, 2015.

7. Plaintiff Jennifer Massat ("Massat") is a citizen of the State of Illinois. Massat was employed as a "Customer Service Rep" by Defendant XPO in its Lake Forest Illinois office from July 2006 until April 2016.

8. Plaintiff Megan Kuchenbecker ("Kuchenbecker") is a citizen of the State of Wisconsin. Kuchenbecker was employed as a "Customer Service Rep" by Defendant XPO in its Lake Forest Illinois office from February 2014 until July 2015.

9. Defendant XPO is a foreign corporation headquartered in Greenwich, Connecticut. On its website, XPO describes itself as follows:

> XPO Logistics (NYSE: XPO) is a top ten global logistics company. We run our business as one, highly integrated network of people, technology and physical assets in 34 countries, with over 86,000 employees and 1,425 locations. We use our network to help customers manage their goods more efficiently throughout their supply chains.
>
> Our company has two reporting segments: transportation and logistics. Within these segments, our business is well diversified by geographies, verticals and types of service. Most important, we've hired top shelf talent – seasoned operators and executives who know how to help our more than 50,000 customers improve productivity and reduce costs.

> In our logistics segment, we provide a range of supply chain services, including highly engineered solutions and high-value-add contract logistics. We perform e-commerce fulfillment, reverse logistics, factory and aftermarket support, packaging and labeling, distribution and managed transportation. In our transportation segment, we provide freight brokerage, last mile, expedite, intermodal, drayage, less-than-truckload, full truckload, and global forwarding services. We have a strong franchise in each of our service offerings, including leading positions in fast-growing areas such as e-fulfillment.

10. Defendant managed Plaintiffs' work and dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of Plaintiffs and similarly situated employees.

11. Plaintiffs bring this action on behalf of themselves and other past and present similarly situated employees pursuant to Rule 23(b)(3) with respect to the IWPCA claim and pursuant to Section 216 with respect to the FLSA claim.

**GENERAL ALLEGATIONS**

12. This action is brought as a class action to recover unpaid compensation, statutory penalties and damages owed to Plaintiffs, and persons in other similarly titled positions (hereinafter referred to as Customer Service Reps) employed by, or formerly employed by Defendant in the state of Illinois.

13. This action is also brought as a collective action to recover unpaid compensation, statutory penalties and damages owed to Plaintiffs, and persons in other similarly titled positions (hereinafter referred to as Customer Service Reps) employed by, or formerly employed by Defendant anywhere in the United States.

14. During the statutory period, any Customer Service Rep who was not paid for all hours worked was not paid appropriate compensation. The Company did not keep a record of the time Customer Service Reps worked although it had a statutory duty to do so.

15. Defendant failed to pay wages and benefits relating to those unpaid wages to Plaintiffs and other Customer Service Reps although Customer Service Reps regularly worked more than 40 hours a week.

16. In particular, Plaintiffs and the class were misclassified as exempt and paid salaries without overtime compensation when they worked more than forty hours in a given work week.

17. Plaintiffs will promptly request that the Court certify a class of current and former Customer Service Reps pursuant to Rule 23(b)(3) for the purpose of seeking compensation that is due and owing and other available damages and unpaid benefits under the wage payment laws of Illinois. Plaintiff will also promptly request that the Court certify as a collective action a class of current and former Customer Service Reps pursuant to Section 216 for the purpose of seeking compensation that is due and owing and other available damages and unpaid benefits under the FLSA for a national class of Customer Service Reps.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs seek to bring this lawsuit on behalf of themselves and on behalf of all other Illinois employees similarly situated, subject to entry of an order certifying this cause as a class action pursuant to Rule 23(b)(3).

19. Rule 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

    c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

4

    d. The representative parties will fairly and adequately protect the interests of the class; and,

    e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

20.    Plaintiffs seek certification of the following Illinois Class:

"All individuals who were employed by the Defendant in the company's Illinois offices, as Customer Service Reps at any time during the relevant statute of limitations period who were not paid for all of the overtime hours they worked."

### Numerosity

21.    The Illinois Class satisfies the numerosity standards. Upon information and belief, Defendant is a nationwide company employing between 30-40 Customer Service Reps in the office the Plaintiffs worked from. Considering the size of the Defendant, the class has at least one hundred members. The proposed class can be identified and located using Defendant's payroll and personnel records. Therefore, the Illinois Class is so numerous that the joinder of all members is impracticable. Illinois Class members may be informed of the pendency of this Class Action by direct mail based upon these available records and/or published and broadcast notice.

### Common Questions of Fact or Law

22.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the Class was misclassified as nonexempt;

    a. Whether the class members were paid for all hours worked;

    b. Whether the Defendant's failure to pay all wages due was willful; and,

      c. Whether Plaintiff and the class have suffered damages and the proper measure of those damages.

23. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

24. Plaintiffs' claims are typical of the claims of the Illinois class members. Plaintiffs suffered similar injuries as those suffered by other Illinois class members as a result of Defendant's failure to pay overtime for all hours worked over forty in a given work week.

### Adequacy

25. The named Plaintiffs are adequate representatives of the class because they are members of the Illinois class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the Illinois class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

26. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the

damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs repeat and re-allege the above paragraphs as if fully set forth herein.

28. Plaintiffs seek to maintain this suit as a collective action pursuant to U.S.C. §201 *et seq.*, on behalf of herself and the following class of persons (the FLSA Class):

> "All individuals who were employed by the Defendant in the company's offices nationwide, as Customer Service Reps at any time during the relevant statute of limitations period who were not paid for all the overtime hours they worked."

29. Plaintiffs and other members of the FLSA Class are similarly situated because they have all been required to perform work activities on behalf of the company for which they have not been paid.

30. Defendant has required Plaintiffs and other members of the FLSA Class to work without compensation as set forth above, knowing that Plaintiffs and members of the FLSA class have not been properly compensated for their time worked.

31. Defendant's conduct, as alleged herein, was willful and has damaged Plaintiffs and the members of the FLSA Class.

## COUNT I
## UNCOMPENSATED TIME UNDER THE FLSA

32. Plaintiffs repeat and re-allege the above paragraphs as if fully set forth herein.

33. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiffs and the FLSA class have a right to be compensated for all work time, including overtime, spent at the direction of, and for the benefit of, their employer.

34. The time spent by Plaintiffs and the FLSA Class working unpaid overtime is compensable work time payable at time and a half.

35. By failing to pay Plaintiffs and the FLSA Class for these overtime hours, Defendant violated the FLSA.

36. Defendant is liable to Plaintiffs and the FLSA Class for actual damages, equitable relief and any other damages awarded by this court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, ALEXIS PREGENT, JENNIFER MASSAT, MEGAN KUCHENBECKER and JESSICA CLARK, individually and on behalf of all others similarly situated, by their attorneys, demands judgment against the Defendant and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs and the FLSA class for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Certify a collective action of individuals who were employed by the Defendant as Customer Service Reps at any time during the relevant statute of limitations period who worked non-overtime hours work for which they were not paid.

B. Declare and find that the Defendant violated applicable federal law by failing to pay all wages due to Plaintiffs and similarly situated persons;

C. Award compensatory damages, including all wages owed, in an amount according to proof;

D. Award interest on all wages due accruing from the date such amounts were due;

E. All costs and attorney's fees incurred prosecuting this claim;

F. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: February 7, 2017    Respectfully Submitted,

ALEXIS PREGENT, JENNIFER MASSAT, MEGAN KUCHENBECKER, JESSICA CLARK

By: /s/Terrence Buehler
ONE OF THE ATTORNEYS FOR PLAINTIFFS

Terrence Buehler
The Law Office of Terrence Buehler
The Oak Brook Terrace Atrium
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Phone: (331) 225-2123

Peter S. Lubin
Vincent L. DiTommaso
DiTommaso-Lubin P.C.
The Oak Brook Terrace Atrium
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Phone: (630) 333- 0000